UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL S. MUELLER,

        Plaintiff,

  v.

STATE OF WASHINGTON,

        Defendant.

CASE NO. C11-5706 BHS

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendant State of Washington's ("State") motion to dismiss (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.     PROCEDURAL HISTORY

On November 11, 2011, Randall S. Mueller ("Mr. Mueller") filed a complaint against the State alleging 42 U.S.C. § 1983 civil rights violations. Dkt. 8. On June 21, 2012, the State filed a motion for a more definite statement. Dkt. 17. On July 31, 2012, the Court granted the State's motion for a more definite statement. Dkt. 20. On August

ORDER - 1

12, 2012, Mr. Mueller filed a statement, which appears to be a response to the State's motion for a more definite statement. Dkt. 21. In part, it alleges the State forged his birth certificate, changing his nationality from Indian to White. Dkts. 21. On August 17, 2012, the State filed a reply to Mr. Mueller's statement and a motion to dismiss. Dkt. 22. On August 19, 2012, Mr. Mueller filed a response. Dkt. 23. On September 14, 2012, the State filed a reply. Dkt. 24. On October 8, 2012, Mr. Mueller filed a sur-reply. Dkt. 25.

## II. DISCUSSION

The State argues that Mr. Mueller's claim must fail because the Court lacks jurisdiction over the State pursuant to its Eleventh Amendment immunity. Dkt. 22 at 3-4. The State also argues that Mr. Mueller does not have a viable claim under § 1983 because he is suing the State, which is not a "person" under § 1983. Dkt. 22 at 4-5. The Court finds both bases support the State's motion to dismiss.

**A.    Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution bars lawsuits against a state in federal court unless that state has waived its sovereign immunity.[1]  *Idaho v. Coeurd'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). Since 1906, the Supreme Court has held that if a state voluntarily invokes federal court jurisdiction, it has waived its sovereign immunity for purposes of that suit. *Gunter v. Atlantic CL.R. Co.*, 200 U.S.

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

273, 287 (1906). Congress may abrogate the state's immunity from suit by an obvious and "clear legislative statement." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996). Absent waiver or abrogation, the Eleventh Amendment bar extends to suits against a state or its agencies for all types of relief absent unequivocal consent by that state. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1678 (2011). The Amendment's jurisdictional bar applies regardless of the nature of relief sought. *See Papasan v. Allain,* 478 U.S. 265, 276 (1986).

Here, the State of Washington does not consent to this suit. Nothing in the record supports that the State has waived its right to sovereign immunity for § 1983 actions. Additionally, there is no evidence that the State voluntarily invoked this Court's jurisdiction. Therefore, the Court finds that the State's motion for dismissal should be granted.

**B.      42 U.S.C. § 1983 Suit**

A civil rights action brought under § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, ....

A state and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *See also Quern v. Jordan*, 440 U.S. 332, 342 (1979).

The State correctly observes that Mr. Mueller's complaint indicates that he is suing only the State. Dkt. 22 at 4. Mr. Mueller never identifies a person or persons

1  whom he seeks to sue under § 1983. *Id*. at 4-5.  In fact, Mr. Mueller appears to concede
2  that "there is no one person or persons" responsible for forging his birth certificate or
3  causing various and vaguely articulated injuries to him.  Dkt. 23 at 1.  Therefore, the
4  Court finds that the State is entitled to dismissal as a matter of law.

### III.  ORDER

It is hereby **ORDERED** that the State's motion to dismiss (Dkt. 22) is **GRANTED**.

Dated this 11th day of October, 2012.

   _____
   BENJAMIN H. SETTLE
   United States District Judge